street crossing for passengers at the place of the accident, and the defendants had no right to occupy the street where plaintiff crossed, so as to make it dangerous to cross at that point at all times. McClain v. Railroad Co., 116 N. Y. 469, 22 N. E. 1062. "The principle may be deemed to have been established that a railroad corporation, having its rails in a public street, must lay them so as to cause as little injury as possible. The highway or street used for the rails must be maintained, as nearly as possible, as fit for the use of the public who travel on foot or in vehicles as it was before, having due regard to the necessities of the rails being there." Schild v. Railroad Co., 133 N. Y. 449, 31 N. E. 327. The obligation rested upon the railroad company to lay its tracks in the street in a proper manner, and to keep them in repair; and if, in this case, that obligation has not been met and fulfilled in either or both of these respects, and if the injury complained of resulted to this plaintiff by reason of such neglect on the part of the company, then these defendants are liable in damages for such injury. Worster v. Railroad Co., 50 N. Y. 203.

These are the rules which should have been submitted to the jury as its guide in the consideration of this case; and, because of the failure to submit the evidence in this case to the jury, in connection with instructions that it should be guided by such rules in deciding the questions submitted to it, error was committed, prejudicial to these appellants. For such errors, which are presented by the exceptions in this case, the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action.

---

(24 App. Div. 557.)

### BANNON v. HARRIS.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

1. CONTRACT OF HIRING—MATERIALITY OF EVIDENCE.
   In an action for a balance due for services, where the complaint alleged a contract of hiring, and the answer admitted services during a portion of the time alleged, denied the rest of the complaint, and averred payment in full, evidence that plaintiff had previously worked for defendant, in the winters, for his board, was immaterial, as no issue had been presented as to whether such hiring was to continue at the same rate during the following winter.

2. SAME—SUFFICIENCY OF EVIDENCE.
   A judgment in favor of plaintiff for an alleged balance due under a contract of hiring should not be reversed, where the evidence was conflicting, and where it appeared that defendant had paid plaintiff more than he would have been entitled to had the contract been as defendant claimed.

   Merwin, J., dissenting.

Appeal from special term, Saratoga county.

Action by Matthew Bannon against Mary C. Harris, brought in a justice's court, where judgment was rendered for plaintiff. From a judgment of reversal, rendered by the county court on appeal, plaintiff appeals. Reversed.

The complaint in this action is for a balance due for services rendered under a contract of hiring claimed to have been made April 1, 1893. The claim is that plaintiff was then hired at the rate of $7 per month for all the time he worked for defendant, and that he worked under such hiring for 13 months and 11 days.

The answer admits that plaintiff worked for defendant a few months in the year 1893, denies all the rest of the complaint, and avers payment in full for the services rendered. The action was brought in a justice's court, where judgment was rendered for the plaintiff. On appeal, the county court reversed such judgment, and from such judgment of reversal this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

J. M. Whitman, for appellant.

Ostrander & Salisbury, for respondent.

PARKER, P. J. Upon the trial, plaintiff testified that he made a contract to work for defendant for seven dollars per month. He does not state that it was made for any definite time. He claimed, however, that he worked under it for 13 months and 11 days. On cross-examination he also testified that he had lived with defendant from September, 1892, up to the time of the contract, and had during such period performed the same services. The defendant thereupon, by a series of questions and by offer, attempted to show that during the winter of 1891 and 1892 plaintiff did not earn any wages; also that from September, 1892, to April, 1893, he worked for defendant for his board and clothing; also that during every winter from 1892 to the time of the trial he had been in the habit of working for his board and clothing only during the winter time. All this evidence was excluded on the ground that it was not within the issue, and exception duly taken. It was for the exclusion of this evidence that the county court reversed the justice's judgment.

The general denial in defendant's answer raised the question whether a contract of hiring of any kind had been made between the parties. It did not suggest the precise question, afterwards raised by defendant's testimony, that in April, 1893, a contract of hiring for seven dollars per month was made, but that by express terms such hiring was limited to the summer months only. If the single question as to whether the hiring was, by the terms of the contract, to continue at the same rate during the coming winter, had been presented, it is possible that the fact that plaintiff had previously worked for her in the winters for his board and clothing would have been material as bearing on the probability of their respective statements; but upon the broader question, as to whether any contract of hiring for the price of seven dollars per month had been made at all, I think that the evidence offered was immaterial. Concede that any fact tending to show that plaintiff could not earn the price claimed was material, the fact that he did not earn wages during the winter of 1891 and 1892 is no proof whatever that he could not have earned them in that year if he had desired to, much less that he could not have earned them in the winter of 1893 and 1894. So the fact that during the two winters subsequent to that of 1893 and 1894 he had, in fact, worked for his board and clothing, does not at all indicate that he could not have earned at the rate of seven dollars per month for the year beginning April, 1893. What kind of work he then did was not suggested, and it by no means follows that he was incapable of doing work worth seven dollars per month because during those winters he was doing some sort of work somewhere for less. As to

the winter of 1892 and 1893, when it is claimed he worked for defendant at the same kind of work for his board and clothing, even if it be material for the reason above suggested, the error, if any, in excluding it, was cured by the defendant's testimony that she did hire him during that period upon those precise terms. There is no contradiction of her evidence in that respect, and so it stood a conceded fact in the case. I am of the opinion that no reversible error was committed in the exclusion of such evidence.

It is now claimed by respondent that the judgment of the justice was not sustained by the evidence before him, and therefore should have been reversed. The defendant undoubtedly had the greater number of witnesses, and some very direct evidence on the qustion whether the hiring was for the summer months only, and whether he continued to work any longer than that under the contract; but the fact that she paid him for his services very considerably more than he would have been entitled to had the contract been as she claimed was a significant fact in the case, and, considering it in connection with the other evidence of the plaintiff, I am of the opinion that this is not a case where the judgment should be reversed as contrary to the weight of evidence.

The judgment of the county court is reversed, and that of the justice is affirmed, with costs in the court below and of this appeal. All concur, except MERWIN, J., dissenting.